IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CR-157-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| TORRENCE LESEAN MCMILLIAN | ) | |

This matter is before the court on defendant's motion for leave to file 28 U.S.C. § 2255 motion to vacate out of time and for discovery (DE 100).

The court lacks jurisdiction to consider a motion for extension of time to file a § 2255 petition. See United States v. Harris, 304 F. App'x 223 (4th Cir. 2008); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007). Nevertheless, a district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition where it raises "potential grounds for relief" challenging the original judgment of conviction. Id.; see also Johnson v. United States, No. 5:05-CR-209-FL, 2010 WL 4026086 *2 (E.D.N.C. Oct. 13, 2010) ("[A] district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition, . . . in the limited instance where the motion for extension of time 'contains allegations sufficient to support a claim under section 2255.'") (quoting Ramirez v. United States, 461 F.Supp.2d 439, 440 (E.D.Va. 2006)).

In this case, defendant describes in his motions for extension of time potential grounds for relief under § 2255 based upon ineffective assistance of counsel. Accordingly, the court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motions as attempts to file a motion to vacate, set aside, or

correct, sentence under 28 U.S.C. § 2255. Pursuant to <u>Castro</u>, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." <u>Castro</u>, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. <u>Id.</u> The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed originally as of the date the motion for extension was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will terminate the motion in light of this order in accordance with the applicable procedural and jurisdictional rules of law governing

Case 7:19-cr-00157-FL   Document 101   Filed 01/31/23   Page 2 of 3

criminal case matters.  That part of defendant's motion seeking discovery is DENIED where discovery is not warranted pending filing and initial review of defendant's recharacterized motion, if any.  See Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Courts.

SO ORDERED, this 31st day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge