IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:19-CR-157-FL-1
7:23-CV-168-FL

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) ORDER |
| TORRENCE LESEAN MCMILLIAN, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to vacate under 28 U.S.C. § 2255 (DE 102, 105) and the government's motion to dismiss (DE 113). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R") (DE 133), wherein it is recommended that the court dismiss defendant's motion and grant the government's motion. Thereafter, defendant objected to the M&R. (DE 135). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses defendant's § 2255 motion, and grants the government's motion.

## BACKGROUND

The court incorporates herein by reference the facts and background as more particularly set forth in the M&R. (M&R (DE 133) 2–8). In his objections, petitioner relies upon a transcript of the March 14, 2024, evidentiary hearing before the magistrate judge.

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[1] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge correctly determined that petitioner's ineffective assistance of counsel claims fail as a matter of law because they are contrary to his sworn statements at arraignment, they fail to demonstrate prejudice, and, for defendant's claims based upon failure to

---

[1] Throughout this order, internal quotations and citations are omitted from all case citations unless otherwise specified.

file a notice of appeal, they are not supported by credible testimony. (See M&R (DE 133) at 10-19). Petitioner presents numerous objections to the M&R; all are, at base, arguments against the magistrate judge's credibility determinations. The court examines each in turn, reviewing the pertinent testimony underlying such determinations independently.

1. Objection 1

Petitioner first objects that the magistrate judge should have considered him credible due to petitioner's withdrawal from criminal activity, good behavior on pretrial release, and history of compliance with a provision of his plea agreement. (See Objs. (DE 135) 3–4). These objections would be pertinent to a motion for a downward variance at sentencing; in this context, however, they are of minimal, if any, probative value and insufficient for the court to overturn the magistrate judge's credibility determinations.

2. Objections 2 and 3

Under his next sets of objections, petitioner argues again that the magistrate judge should have considered him credible because of prior truthful statements; these claims may have some marginal probative value but do not address the core of the magistrate judge's several enumerated grounds for finding petitioner not credible, (see M&R (DE 133) 16–19), with which the court agrees, and so do not affect those conclusions.

3. Objections 4 and 5

Petitioner's fourth and fifth sets of objections contend that the M&R ignored McMillian's testimony that his attorney ignored multiple attempts to contact him. (Objs. 6). But the portion of the transcript of the evidentiary hearing upon which petitioner relies does not stand for this point. (See Tr. (DE 135–1) 51). These objections therefore are unsupported.

3

Next, petitioner argues that while he instructed his counsel not to appeal at the time of his plea agreement, he changed his mind later; but as just noted, petitioner's contention that his counsel evaded contact with him to dodge this instruction is unsupported. Further, the court rejects petitioner's argument that answering "okay" to his counsel's advice rendered shortly before sentencing, that there was no meritorious ground for appeal, was actually an instruction to appeal. (See Objs. 9).

4. Objections 6 and 7

Petitioner's sixth and seventh sets of objections are conclusory or circular attacks on the magistrate judge's credibility findings, which the court again rejects because they fail to engage with the magistrate judge's extensive credibility discussion and for the other reasons noted above, or because they simply assume that petitioner should be found credible and his testimony accepted over his former counsel's despite the thorough contrary reasoning in the M&R with which the court agrees.

5. Objection 8

Petitioner's eighth set of objections engages more directly with the magistrate judge's credibility determinations, but still fails.

First, the magistrate judge found inconsistent petitioner's understanding of his plea colloquy, including the court's statement of the minimum and maximum sentences, and his surprise at receiving the stated minimum sentence. Petitioner unconvincingly attempts to recharacterize this reaction as a "statement of emotion," (Objs. 10), but this maneuver does not address the logic behind the magistrate judge's assessment: that this surprise conflicts with petitioner's statements that the court advised him of the minimum sentence and therefore undercuts petitioner's credibility.

Second, petitioner attacks the magistrate judge's finding that he denied seeing the PSR before sentencing, though his counsel said he reviewed it with him, on grounds that "reviewing" and "seeing" are not exact synonyms. (Objs. 10–11). This is unpersuasive semantics, and in any case does not address the substance of this finding: that petitioner's filings demonstrated familiarity with the contents of the PSR when he drafted his motion to vacate before the appointment of his current counsel. This objection fails.

Third, petitioner argues against the magistrate judge's finding that he incredibly testified that his former counsel advised him he would receive a 3 to 5 year sentence, when petitioner was advised repeatedly, including at his arraignment, that he faced a mandatory minimum of 10 years. The court agrees with the magistrate judge that this accusation against his former counsel is therefore flatly unconvincing.

Fourth, petitioner claims that he was never advised that his counsel could not promise the sentence he would receive, despite language in his plea agreement that any sentencing estimate from any source is not a promise. (See Plea Agreement (DE 56) ¶ 3(c)). The plain language of the plea agreement therefore refutes this objection and confirms the magistrate judge's estimation of its effect on his credibility.

Fifth, petitioner argues that his denial that he received a downward variance, despite receiving such a variance, does not undercut his credibility given the emotion and stress associated with sentencing. The court is willing to credit this assertion, but even so, it does not undercut the many other grounds on which the magistrate judge based his credibility determinations, and with which the court agrees following de novo review.

Sixth, petitioner contends that a one-day discrepancy in his dating of a meeting with his former counsel should not undermine his credibility. The court agrees that such discrepancy is

trivial, but removing this item from the credibility scales is insufficient to alter their balance as determined by the magistrate judge and reviewed by this court.

Petitioner's last objection is circular. In essence, he argues that because he in fact told his former counsel to lodge an appeal, he is credible and his testimony that he issued such instruction should be accepted. The court declines to accept this logic or this objection in light of the rest of the M&R's thorough discussion of the testimony, credibility, and related issues.

In sum, the court rejects petitioner's numerous objections and adopts the M&R in full.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 133), DENIES defendant's § 2255 motion (DE 102, 105), and GRANTS the government's motion (DE 113). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of August, 2024.

LOUISE W. FLANAGAN
United States District Judge